IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALORIE ANN CHILDERS-BLEIER, **Plaintiff,** v. COMMISSIONER OF SOCIAL SECURITY, **Defendant.** | Case No. 25-CV-00096-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) filed by the Defendant Commissioner of Social Security. (Doc. 28). Plaintiff Valorie Ann Childers-Bleier filed a Response. (Doc. 30). A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error, and is itself a final, appealable order. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 978 (7th Cir. 1999). Upon a sentence four remand, judgment should be entered in favor of the plaintiff. *Shalala v. Schaefer*, 509 U.S. 292, 302–03 (1993).

Regarding Plaintiff's concurrent Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") claims both filed on August 27, 2021, the parties agree and stipulate that, upon remand, the Appeals Council will issue a favorable decision finding that Plaintiff was disabled as of February 3, 2021 (the day prior to Plaintiff's 55th birthday). (*See* Docs. 28, 30). For the unadjudicated portion of

Plaintiff's Title II DIB claim from the time period of June 10, 2020 to February 2, 2021 (the so-called "unfavorable period"), the Appeals Council will remand that specific claim to an Administrative Law Judge for further proceedings. (*See* Docs. 28, 30). On remand, the ALJ should evaluate Plaintiff's Title II DIB claim for the unfavorable period, including any medical opinions and the RFC findings; if warranted, obtain additional vocational expert testimony; take any further action needed to complete the administrative record resolving the afore-mentioned issues; offer Plaintiff Childers-Bleier the opportunity for a hearing; and issue a new decision.

Plaintiff Childers-Bleier initially applied for DIB and SSI and received an unfavorable decision from ALJ Robert Luetkenhaus on July 3, 2023. (Docs. 1, 16). Plaintiff filed a timely Request for Review with the Social Security Administration's Appeals Council, which remanded the decision back to ALJ Luetkenhaus on November 9, 2023. (Docs. 1, 16). On July 25, 2024, ALJ Luetkenhaus once again issued a decision finding Plaintiff not disabled. (Docs. 1, 16). While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this case on remand.

Therefore, for good cause shown, the Defendant Commissioner's Motion to Remand (Doc. 28) is **GRANTED**. The final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income is **REVERSED and REMANDED** to the Commissioner; upon remand, the Appeals Council will (1) issue a favorable decision on Plaintiff's Disability Insurance Benefits and Supplemental Security Income claims with an onset date of February 3, 2021 and (2) remand Plaintiff's Title II Disability

Insurance Benefits claim for the period of June 10, 2020 to February 2, 2021 to an Administrative Law Judge for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: November 24, 2025**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
